**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

SAMANTHA EVANS,

    Plaintiff,

       v.

DORSEY THORNTON &
ASSOCIATES, LLC,

    Defendant.

---

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
(Unlawful Debt Collection Practices)**

---

**PLAINTIFF'S COMPLAINT**

SAMANTHA EVANS (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against DORSEY THORNTON & ASSOCIATES, LLC (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the State of Colorado, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person residing in Westminster, Adams County, Colorado and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff.

7. Defendant is a national debt collection company with an office in Danville, Georgia.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around April of 2011, Defendant began placing calls to Plaintiff in connection with an alleged debt owed by Plaintiff's former husband.

11. Defendant left a message on Plaintiff's phone stating that if she did not call back within 24 hours a warrant would be issued for Plaintiff's ex-husband's arrest.

12. Soon thereafter, Plaintiff informed Defendant that she no longer has contact with her ex-husband, and that calls to her concerning his alleged debt are to cease.

13. Two days later, Defendant again called Plaintiff threatening that the ex-husband would soon be jailed.

14. Soon thereafter, Defendant again called Plaintiff, and when Plaintiff informed Defendant that she no longer has contact with her former husband, Defendant's representative, David Allen, told her she "better stop committing perjury on a recorded line."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(b)* of the FDCPA by communicating with any person other than the consumer without the express permission of a court of competent jurisdiction, in connection with the collection of any debt;

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt;

    c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    d. Defendant violated *§1692e* by using false, deceptive, or misleading representations or means in connection with the collection of any debt; and

    e. Defendant violated *§1692e(10)* by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

WHEREFORE, Plaintiff, SAMANTHA EVANS, respectfully requests judgment be entered against Defendant, DORSEY THORNTON & ASSOCIATES, LLC, for the following:

16. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

17. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

18. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, SAMANTHA EVANS, requests a jury trial in this case.

DATED:  April 29, 2011                    KROHN & MOSS, LTD.

                                By:     /s/ Nicholas Bontrager            _
                                        Nicholas J. Bontrager, Esq.
                                        Krohn & Moss, Ltd.
                                        10474 Santa Monica Blvd., Ste. 401
                                        Los Angeles, CA 90025
                                        Ph: (323) 988-2400; Fx: (866) 802-0021
                                        nbontrager@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF COLORADO)

Plaintiff, SAMANTHA EVANS, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SAMANTHA EVANS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 4-28-2011

SAMANTHA EVANS